IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

ABRAHAM GRANT                                                    PLAINTIFF
ADC #128147

v.                              Case No. 5:18-cv-00243-KGB

RICHARD L. PROCTOR                                              DEFENDANT

## ORDER

Before the Court are plaintiff Abraham Grant's motion for relief from judgment,
supplement to motion for relief from judgment, motion to amend complaint, a second motion for
relief from judgment and notice of change of address, and a second motion to amend complaint
(Dkt. Nos. 11, 12, 13, 17, 18). For the following reasons, the Court denies Mr. Grant's motions
for relief from judgment and his motions to amend his complaint (Dkt. Nos. 11, 13, 17, 18).

### I.      Background

Mr. Grants brought this action *pro se* under 42 U.S.C. § 1983 against Arkansas Circuit
Court Judge Richard L. Proctor in connection with a state-court criminal proceeding against Mr.
Grant (Dkt. No. 2). The Judgment and Commitment Order in the underlying state-court case is
dated March 25, 2003 (*Id.*, at 5). According to the Judgment and Commitment Order, a jury found
Mr. Grant guilty of capital murder, and he was sentenced to life without parole (*Id.*). In this case,
Mr. Grant alleged abuse of process in obtaining the capital murder conviction (*Id.*, at 1-2). He
asked for his Commitment Order to be remanded to Phillips County, Arkansas, for correction (*Id.*,
at 2).

This Court by prior Order denied Mr. Grant's motion to proceed *in forma pauperis* (Dkt.
No.1). The Prison Litigation Reform Act ("PLRA") provides that a prisoner cannot proceed *in
forma pauperis* "if the prisoner has on 3 or more prior occasions, while incarcerated or detained

in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

Prior to filing this lawsuit on September 25, 2018, Mr. Grant filed at least three actions that were dismissed for failing to state a claim upon which relief may be granted.  *See Grant v. Proctor, et al.*, Case No. 2:12-cv-00133-SWW; *Grant v. Hobbs,* Case No. 5:12-cv-00244-KGB; *Grant/Rakim v. Bland*, Case No. 5:18-cv-00171-DPM.   Further, Mr. Grant did not meet the "imminent danger" exception to the three strikes rule.  *See* 28 U.S.C. § 1915(g) (providing that three strikers should be granted permission to proceed *in forma pauperis* if they are "under imminent danger of serious physical injury"); *Ashley v. Dilworth,* 147 F.3d 715, 717 (8th Cir. 1998) (explaining that the exception applies only if the prisoner is in imminent danger "at the time of filing" and that "[a]llegations that the prisoner has faced imminent danger in the past are insufficient").

As a result, the Court dismissed without prejudice Mr. Grant's case, entered judgment, and permitted him 30 days in which to reopen this case by paying the $400.00 filing fee in full.  Mr. Grant did not appeal.  To date, Mr. Grant has not paid the $400.00 filing fee.

Before this Court dismissed without prejudice Mr. Grant's case and entered judgment, Mr. Grant filed a motion for writ of mandamus (Dkt. No. 4).  The Eighth Circuit Court of Appeals denied the writ (Dkt. Nos. 15, 16).

## II.    Pending Motions

Mr. Grant now seeks relief from the judgment the Court entered and moves to amend his complaint in this now closed case (Dkt. Nos. 11, 13, 17, 18).  Mr. Grant has not paid the $400.00 filing fee, and he does not qualify for leave to proceed *in forma pauperis* or to proceed under the

imminent danger exception.  For these reasons, the Court denies Mr. Grant's motions for relief

from judgment and denies his motions to amend his complaint in this now closed case (Dkt. Nos.

11, 13, 17, 18).  The relief he seeks is denied.  The Court certifies, pursuant to 28 U.S.C. §

1915(a)(3), that an *in forma pauperis* appeal from this Order would not be taken in good faith.

It is so ordered this 22nd day of February, 2022.

Kristine G. Baker
United States District Judge